IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY SHERMAN, | } | |
| TDCJ-CID NO.372508, | } | |
|     Petitioner, | } | |
| | } | |
| v. | } | CIVIL ACTION G-07-426 |
| | } | |
| NATHANIEL QUARTERMAN | } | |
|     Respondent. | } | |

OPINION ON DISMISSAL

While an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), petitioner James Anthony Sherman filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the calculation of his sentence following the revocation of his release to mandatory supervision. (Docket Entry No.1). Respondent has filed an answer in which he seeks a dismissal of the petition. (Docket Entry No.12). Petitioner has filed a response to the answer. (Docket Entry No.13). After considering the pleadings, the state court records, and the applicable law, the Court will dismiss the petition for the reasons set forth below.

I. BACKGROUND

On February 14, 1984, petitioner was convicted in the 184th District Court of Harris County, Texas, of aggravated robbery in cause number 392172 and aggravated assault with a deadly weapon in cause number 392173, for which he was sentenced to seventeen years confinement in each cause. (Docket Entries No.1; No.12); *Ex parte Sherman*, No.19,169-07, pages 107-08, No.19,169-06, pages 84-85. Petitioner was released to mandatory supervision on July 2, 1990. *Ex parte Sherman,* No. 19,169-06, page 39; No.19,169-07, page 59. His release

was revoked on October 2, 1997. *Id.*, No. 19,169-06, page 55; No.19,169-07, page 75. On September 19, 2001, petitioner was again released to mandatory supervision. *Id.*, No. 19,169-06, page 41; No.19,169-07, page 61. His release was revoked on December 9, 2003. *Id.*, No.19,169-06, page 71; No.19,169-07, page 91. Petitioner filed a time credit dispute with TDCJ on August 9, 2004, and on July 18, 2006. (Docket Entry No.12, Exhibit A). TDCJ indicated in a response filed on April 5, 2005, and a response filed on October 15, 2007, that it found no errors in the calculation of petitioner's sentence. (*Id.*).

Petitioner filed on July 29, 1999, a set of state habeas applications challenging the loss of his good-time and street-time credits, which he forfeited as a result of the revocation of his release to mandatory supervision in 1997. *Ex parte Sherman*, Application No. 392172-B, No. 392173-A. The Texas Court of Criminal Appeals denied the applications without written order on September 29, 1999. *See* Texas Court website.[1] Petitioner filed another set of state habeas applications on September 11, 2006, challenging the forfeiture of time credits and arguing that his sentence had been illegally extended beyond the date of discharge. *Ex parte Sherman*, Application No.19,169-07, pages 2-12; No.19,169-06, pages 2-12. The state habeas court entered findings of facts and conclusions of law and recommended that relief be denied. *Id.* Application No.19,169-07, pages 98-100; No.19,169-06, pages 75-77. The Texas Court of Criminal Appeals denied both applications without written order on July 11, 2007. *Id.* at covers.

Petitioner executed the pending federal petition on July 27, 2007. (Docket Entry No.1). Petitioner does not challenge either of his underlying criminal convictions. Instead he challenges the calculation of his sentence following the revocation of his release to mandatory

---

[1] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1962802; http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1962803.

supervision.  (*Id*.).  Liberally construing petitioner's pleadings, the Court finds that petitioner seeks federal habeas relief on the ground that he has been forced to serve his sentence in installments because the State has extended his sentence beyond the original discharge date.  He also seeks habeas relief on the ground that he has been improperly denied street-time credit in violation of Section 508.283(c) of the Texas Government Code.  (Docket Entries No.1, No.13).

Respondent contends that this Court is procedurally barred from considering petitioner's claim regarding the service of his sentence in installments because petitioner has not exhausted this claim in state court and is procedurally barred from seeking state relief on such claim.  (Docket Entry No.12).  Respondent further maintains that petitioner's habeas action is barred by the governing statute of limitations and alternatively, the petition is without merit and should be denied.  (*Id.*).

## II. DISCUSSION

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh v. Murphy*, 521 U.S. 320 (1997).  Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of

>
> the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Respondent contends, without objection, that the limitations period with respect to petitioner's first release to mandatory supervision in 1990 began no later than the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence, *i.e.*, October 2, 1997, the date petitioner's release to mandatory supervision was revoked. *Ex parte Sherman*, Application No.19,169-06, page 55, No.19,169-07, page 75. Respondent correctly notes that petitioner acknowledged by his 1990 signature on the Certificate of Mandatory Supervision that if revoked, he would forfeit all time served on mandatory supervision. *Ex parte Sherman*, Application No.19,169-06, pages 38-39; No.19,169-07, pages

58-59. Petitioner, therefore, knew or should have known on the date that his release was revoked in 1997, that he had forfeited the street-time he earned while on mandatory supervision.

Respondent also correctly notes that petitioner had until October 2, 1998, to file a timely federal habeas petition from the 1997 revocation. 28 U.S.C. § 2244(d)(1)(D). Petitioner, however, did not file a federal petition, a state administrative time-credit challenge, or a state habeas application during the limitations period. His state habeas applications filed in July, 1999, and September, 2006, did not toll the limitations period because they were filed after limitations expired. See 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Accordingly, petitioner's challenge in the pending federal action to the calculation of his sentence as a result of the 1997 revocation of his release to mandatory supervision is time-barred.

Respondent also contends, without objection, that the limitations period with respect to petitioner's second release to mandatory supervision in 2001, began no later than the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence, *i.e.*, December 9, 2003, the date petitioner's release to mandatory supervision was revoked. *Ex parte Sherman*, Application No.19,169-06, page 71, No.19,169-07, page 91. Respondent correctly notes that petitioner acknowledged by his 2001 signature on the Certificate of Mandatory Supervision that if revoked, he would forfeit all time served on mandatory supervision *Ex parte Sherman*, Application No.19,169-06, pages 40-41; No.19,169-07, pages 60-61. Petitioner, therefore, knew or should have known on the date that his release was revoked in 2003, that he had forfeited the street-time he earned while on mandatory supervision. Under the AEDPA, petitioner had until December 9, 2004, to file a timely federal habeas petition, subject to applicable tolling. 28 U.S.C. § 2244(d)(1)(D).

On August 9, 2004, petitioner sought administrative review of his time credits through the prison's time credit dispute resolution process. (Docket Entry No.12, Exhibit A). *See* TEX. GOV'T CODE ANN. § 508.0081 (Vernon 2004). On April 5, 2005, TDCJ notified petitioner there was no error in the calculation of his sentence. (*Id.*). During the pendency of petitioner's state administrative proceedings, the AEDPA limitations period was tolled for 239 days, or until August 4, 2005. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002) (finding timely pendency of grievance before TDCJ administration tolls limitations period); *Bell v. Quarterman*, No.H-06-2993, 2007 WL 1827172 at *4 (S.D. Tex. June 22, 2007) (applying *Kimbrell* to administrative time-calculation proceeding); *Cooper v. Quarterman*, No.4:06cv527A, 2007 WL 963170 at *3 (N.D. Tex. Mar. 28, 2007) (reasoning administrative dispute resolution proceeding is akin to prison grievance procedure and thus pendency of administrative review statutorily tolls limitations period). Petitioner filed another state time-credit dispute proceeding on July 18, 2006, and another set of state habeas applications on September 11, 2006. Because the 2006 state administrative review proceeding and the 2006 state habeas applications were filed almost a year after limitations expired in August, 2005; the tolling provisions found in § 2244(d)(2) do not apply. *See Scott*, 227 F.3d at 263. Accordingly, petitioner's challenge in the pending federal action to the calculation of his sentence as a result of the 2003 revocation of his release to mandatory supervision is also time-barred.

Petitioner has not alleged in his pleadings or his response that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Nor has he sought equitable tolling. Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the

law does not excuse his failure to timely file his petition.  *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, is subject to dismissal.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable

jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

### IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

    The Clerk will provide copies to the parties.

    SIGNED at Houston, Texas, this 31st day of July, 2008.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE